UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY J. AUGUST,
    Plaintiff,

v.                                                         Civil Action No. 2:12-cv-13775
                                                          Honorable Patrick J. Duggan

PATRICIA CARUSO, DANIEL HEYNS,
MILLICENT WARREN, MS. VALLIE,
MS. L. WILLIAMS, MS. PERRY, MS.
TAYLOR, SERGEANT KAMIN, SERGEANT
MARGOLIC, SERGEANT GODFREY,
OFFICER RATLIFF, DR. TIMOTHY KANGAS,
DANIEL LA FRAMBOISE, MS. WRIGHT,
MS. FREISS, TAMIKA WOODS, DR. LACY,
DR. SZYMANSKI, DR. QIN, DR. ONUIGBO,
LANA MCCARTHY, RN HAMMOND, and
RN TUCKER,
    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL, DIRECTING SERVICE UPON REMAINING DEFENDANTS, AND GRANTING MOTION TO AMEND COMPLAINT

This is a *pro se* civil rights action filed by a state prisoner under 42 U.S.C. § 1983. Plaintiff Tracy J. August is a state inmate currently incarcerated by the Michigan Department of Corrections ("MDOC") at the Huron Valley Women's Complex in Ypsilanti, Michigan, where she is serving a sentence of nine to twenty-two years for an unarmed robbery conviction. Plaintiff filed her civil rights Complaint on August 27, 2012, alleging that the above-named Defendants failed to provide her with proper medical care for her left shoulder that was injured while she was assisting the staff, namely Officer Ratliff, with another prisoner's apparent seizure. Defendants are either medical personnel or administrators employed by the MDOC and are working either in Lansing,

Michigan or the facility where Plaintiff is housed in Ypsilanti, Michigan.  Plaintiff is suing Defendants in their personal and official capacities and is seeking declaratory and injunctive relief as well as monetary damages.  The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action.  *See* 28 U.S.C. § 1915(a)(1).  On September 13, 2012, Plaintiff also filed a motion seeking to amend her Complaint.

## Factual Background

In her Complaint, Plaintiff alleges that she sustained a severe left-shoulder injury, on August 25, 2009, while housed at the Women's Huron Valley Complex.  She states that, as she was being released from her cell for recreation time, she noticed that another inmate, Jenks, was having a seizure.  Plaintiff claims Officer Ratliff yelled to her to come and assist her.  Jenks was "swinging her arms violently, snapping her teeth, rolling her eyes into the back of her head, and spinning around incoherently."  (Pl.'s Compl. ¶ 29.)  Plaintiff states that Officer Ratliff told her to sit Jenks down.  (*Id.* ¶ 30-32.)  Plaintiff complied and, as she was attempting to help, Jenks threw her body backward, pinning Plaintiff between the stair railing and Jenks' body.  (*Id.* ¶ 33.)  Plaintiff states that she was unable to move her left shoulder afterward.  (*Id.* ¶ 36.)  Plaintiff contends that Officer Ratliff knew that it was "improper" and "unreasonable" to ask her for assistance because she knew that Jenks had violent seizures.  (*Id.*)  She also states that Officer Ratliff refused to get her medical attention after she was injured.  (*Id.*)  Because of the incident, Plaintiff filed a grievance against Officer Ratliff, claiming that Officer Ratliff behaved in a

threatening manner, was unprofessional, harbored hostility toward her, and had great disregard for her and the other inmates. (*Id.* ¶ 37.) Plaintiff contends that her grievance was not dealt with in a timely fashion.

Three days after the incident, health care called out Plaintiff for an evaluation of her shoulder. Plaintiff saw the nurse, Lana McCarthy, who examined her left shoulder. Nurse McCarthy told Plaintiff that she might have a torn rotator cuff and referred her to the doctor. (*Id.* ¶ 54.) Nurse McCarthy put Plaintiff's left arm in a sling, gave her medication for the pain, told her to use an ice pack, not to lift, push, or pull with her left arm, and put her on light duty for about two weeks. (*Id.*)

Subsequently, on September 5, 2009, Plaintiff was seen by a physician's assistant, Savithri Kakani, who told her to continue with the medication. (*Id.* ¶ 58.) Plaintiff requested an x-ray and MRI, but neither was ordered at that time. (*Id.*) Plaintiff then filed a grievance against the Healthcare Unit, alleging the failure to give her proper medical attention. (*Id.* ¶ 59.)

Plaintiff also alleges that Officer Ratliff continued to threaten and harass her after the incident. (Pl.'s Compl. ¶ 61.) She states that she has a long history of mental disorders stemming from her childhood, which include physical and sexual abuse, and that Officer Ratliff's behavior exacerbated her mental conditions, placed her in fear for her safety, and caused her to suffer nightmares, loss of appetite, loss of sleep, and increased anxiety. (*Id.* ¶¶ 64-65.) Plaintiff states that she has filed several grievances against Officer Ratliff, without success. She also claims that Officer Ratliff retaliated

against her by firing her from her porter job. (*Id.* ¶¶ 70-71.) She also filed grievances with respect to the alleged retaliation.

Since the initial incident, and over the last three years, Plaintiff has been seen by several nurses and doctors regarding her left-shoulder pain. An x-ray showed that she has some arthritic changes in her left shoulder. She states that she continues to have pain and discomfort. The medical staff continues to prescribe medication. She continues to file grievances. Plaintiff has not attached any copies of her grievances or medical records to her Complaint. Rather, she has attached her affidavit and affidavits and statements from five prisoners with respect to the initial incident.

## Applicable Law

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citations omitted). Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citations omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

4

do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1955).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 42 U.S.C. § 1997e(c). The court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 (1992).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under the statute is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994).

In this case, despite the liberal pleading standard, the Court finds that a portion of Plaintiff's complaint is subject to summary dismissal.

## Analysis

Plaintiff's claims against Defendants Caruso, Heyns, Warren, Vallie, Williams, Perry, Taylor, Kamin, Margolic, Godrey, Kangas, Framboise, Wright, and Freiss must be dismissed. First, Plaintiff has failed to allege facts demonstrating the personal involvement of these Defendants in the alleged denial of medical care. It is well-settled that a civil-rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See*, e.g., *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, (1978) (holding that § 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995) (explaining that a plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to these Defendants. Any assertion that these Defendants failed to supervise another employee, should be vicariously liable for another employee's conduct, erred in denying Plaintiff's complaints or grievances, and did not properly respond to alleged misconduct by another official is insufficient to state a claim under § 1983. *See*, e.g., *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (same). Plaintiff also has not alleged facts showing that any injury she suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims).

Second, to the extent that Plaintiff alleges a due process violation with respect to her grievances, her claim fails. It is well-settled that a Michigan prisoner does not have a due process right to an inmate grievance procedure or the right to an effective procedure. *See Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Michigan law does not create a liberty interest in the grievance process. *See Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, to the extent that Plaintiff is dissatisfied with Defendants' responses to her complaints or grievances, she fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (holding that the prisoner failed to state a claim based upon the defendant's failure to investigate a grievance).

As such, Plaintiff's claims against Defendants Caruso, Heyns, Warren, Vallie, Williams, Perry, Taylor, Kamin, Margolic, Godrey, Kangas, Framboise, Wright, and Freiss must be dismissed.

Plaintiff's claims against Defendants Ratliff, Woods, McCarthy, Hammond, Lacy, Szymanski, Qin, Onuigbo, and Tucker for the denial of medical are not subject to summary dismissal. *See Hudson v. McMillan*, 503 U.S. 1, 5, 112 S.Ct. 995, 998 (1992) (confirming that the "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (citations omitted); *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291 (1976) (ruling that "deliberate

indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment") (citation omitted).  While Plaintiff may or may not ultimately prevail on her claims, she nevertheless has pled sufficient facts to state such claims.  Service of the medical care claims upon Defendants Woods, McCarthy, Hammond, Lacy, Szymanski, Qin, Onuigbo, and Tucker therefore is appropriate.

     Additionally, Plaintiff's assertion that Defendant Ratliff retaliated against her for her complaints and grievances filed with regard to her medical care is not subject to summary dismissal.  Plaintiff specifically states that Officer Ratliff retaliated against her for filing a grievance by firing her from her porter job.  (Pl.'s Compl. ¶¶ 70-71.) Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). The Court finds that Plaintiff has alleged sufficient facts demonstrating that the alleged adverse action taken by Officer Ratliff (i.e., taking Plaintiff off of her porter job) may have been in retaliation to her filing grievances against him.  Service upon Defendant Ratliff, in this regard, is appropriate.

     Finally, the Court is granting Plaintiff's motion to amend her Complaint. Generally, the Court does not permit a plaintiff to amend a complaint in order to defeat summary dismissal.  *See Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (citation

omitted). In this case, however, Plaintiff is requesting to add 42 U.S.C. § 1997e(e) to her law cites, to add information regarding her most recent grievance, and to amend the injunctive relief requested. Because Plaintiff's amendments apply to those Defendants that are not being dismissed and because a responsive pleading has not yet been ordered, the Court finds that she should be permitted to amend her Complaint. Under the Federal Rules of Civil Procedure, a party may amend his or her pleadings once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Accordingly, the Court grants Plaintiff's motion to amend her Complaint. The information Plaintiff submitted with her motion shall be considered as part of her Complaint.

For the above reasons,

**IT IS ORDERED**, that Plaintiff's claims against Defendants Caruso, Heyns, Warren, Vallie, Williams, Perry, Taylor, Kamin, Margolic, Godrey, Kangas, Framboise, Wright, and Freiss are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because she fails to state a claim upon which relief may be granted against those Defendants. Defendants Caruso, Heyns, Warren, Vallie, Williams, Perry, Taylor, Kamin, Margolic, Godfrey, Kangas, Framboise, Wright, and Freiss are **DISMISSED AS DEFENDANTS**;

**IT IS FURTHER ORDERED**, that Plaintiff's medical care claims against Defendants Ratliff, Woods, McCarthy, Hammond, Lacy, Szymanski, Qin, Onuigbo, and Tucker and her retaliation claim against Defendant Ratliff are not subject to summary

dismissal. The Clerk of the Court shall direct the United States Marshal to serve a copy of Plaintiff's Complaint and a copy of this Order without prepayment of costs upon those Defendants;

**IT IS FURTHER ORDERED**, that Plaintiff's motion to amend [ECF No. 5] is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Dated: January 8, 2013                          s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copy to:
Tracy J. August, #714643
Huron Valley Women's Correctional Facility
3201 Bemis Road
Ypsilanti, MI 48197