UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY J. AUGUST,

        Plaintiff,

v.                                                                                      Civil Action No. 2:12-cv-13775
                                                                                        Honorable Patrick J. Duggan

PATRICIA CARUSO, DANIEL HEYNS,
MILLICENT WARREN, MS. VALLIE,
MS. L. WILLIAMS, MS. PERRY, MS.
TAYLOR, SERGEANT KAMIN, SERGEANT
MARGOLIC, SERGEANT GODFREY,
OFFICER RATLIFF, DR. KANGAS,
DANIEL LA FRAMBOISE, MS. WRIGHT,
MS. FREISS, TAMIKA WOODS, DR. LACY,
DR. SZYMANSKI, DR. QIN, DR. ONUIGBO,
LANA MCCARTHY, RN HAMMOND, and
RN TUCKER,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging

that she was subjected to retaliation and denied medical care, protection from improper

conduct by personnel, and proper consideration of her grievances while detained at the

Huron Valley Women's Complex in Ypsilanti, Michigan.  She named twenty-three

defendants in her Complaint.  On January 8, 2013, this Court issued an opinion and order

summarily dismissing Plaintiff's claims against some defendants.  Presently before the

Court is Plaintiff's motion seeking reconsideration of that decision, filed January 29,

2013.

In its January 8, 2013 opinion and order, the Court summarily dismissed Defendants Caruso, Heyns, Warren, Vallie, Williams, Perry, Taylor, Kamin, Margolic, Godrey, Kangas, LaFramboise, Wright, and Freiss because they could not be sued under a *respondeat superior* theory of liability. *August v. Caruso*, No. 2:12-cv-13775, 2013 WL 93325, at *3 (E.D. Mich. Jan. 8, 2013). The Court found no evidence in Plaintiff's Complaint demonstrating the personal involvement of these defendants in the alleged violations of Plaintiff's constitutional rights, and that any assertions that they failed to supervise other employees, were vicariously liable for another employee's conduct, erred in denying Plaintiff's complaints or grievances, or did not properly respond to the alleged misconduct were insufficient to state a claim under § 1983. *Id.* (citation omitted). The Court also dismissed these defendants because Plaintiff did not allege any facts demonstrating that the injury she suffered was a result of a policy or regulation, or that they deliberately failed to adequately investigate, train, or supervise their employees. *Id.* (citation omitted).

In her motion for reconsideration, Plaintiff asserts that the Court erred in prematurely dismissing these defendants. She attaches documentation to the motion to support her position, including various grievances and kites filed against the dismissed defendants. Because Plaintiff fails to present any new facts or legal theories to support her § 1983 against these defendants, the Court denies her motion.

**Background**

2

As detailed in the Court's January 8 decision, Plaintiff alleges in her Complaint that she sustained an injury to her left shoulder on August 25, 2009, while assisting Officer Ratliff with another inmate, who was having a seizure. Plaintiff claims Officer Ratliff knew it was improper and unreasonable to ask her for assistance. Plaintiff also claims that Officer Ratliff refused to get her medical attention after she was injured. Plaintiff filed a grievance against Officer Ratliff and contends that her grievance was not dealt with in a timely fashion. Plaintiff also claims that Officer Ratliff threatened and harassed her after the incident, thereby exacerbating Plaintiff's mental conditions. She alleges that Officer Ratliff retaliated against her by firing her from her porter job. In her Complaint and motion for reconsideration, Plaintiff alleges that she reported Officer Ratliff's behavior to Defendants Caruso, Heyns, Warren, Vallie, Williams, Perry, Taylor, Kamin, Margolic, Godrey, Kangas, LaFramboise, Wright, and Freiss, and they did nothing. (*See, e.g.,* ECF No. 1 ¶¶ 40-46, 48-53, 66-67, 93, 100, 145-47; *see also* ECF No. 9 ¶¶ 21-25.)

A nurse evaluated Plaintiff's shoulder three days after the incident and told Plaintiff that she might have a torn rotator cuff. The nurse referred Plaintiff to the doctor. In the meantime, the nurse put Plaintiff's shoulder in a sling, gave her pain medication, instructed her to use an ice pack and not to lift, push, or pull with the shoulder, and placed Plaintiff on light duty for about two weeks. Plaintiff then was seen by a physician's assistant, who told her to continue with the medication. Plaintiff claims she requested an x-ray and MRI, but neither was ordered at that time. She filed a grievance against the

Healthcare Unit, alleging they failed to give her proper medical attention.  In her Complaint and pending motion, Plaintiff also alleges that one of the doctors who examined her was extremely rough, to the point of assault.  She claims that she reported this to Defendants Caruso, Warren, Wright, and LaFramboise, among others.  (ECF No. 9 ¶¶ 21-37; ECF No. 1 ¶¶ 49-177.)

### Applicable Standards

Eastern District of Michigan Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect.  E.D. Mich. LR 7.1(h)(3).  A motion that merely presents the same issues already ruled upon by the Court shall not be granted.  *Id*.  Under Rule 7, a motion for reconsideration must be filed within fourteen days after entry of the judgment or order.

Thus Plaintiff had fourteen days to seek reconsideration of the Court's January 8, 2013 decision.  Plaintiff's motion, with a signed proof of service dated January 25, 2013, was filed three days late and therefore is untimely.  *See Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988) (*pro se* prisoners' notices of appeal in federal court are considered filed when given to prison officials for mailing); *Feenin v. Myers*, 110 F. App'x 669, 671 (6th Cir. 2004) (same).  However, under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a judgment within twenty-eight days after entry of the judgment.  Given the time-frame discrepancy between the two rules, the

4

Court will construe Plaintiff's motion under Rule 59(e) and consider it as timely filed.

Motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

### Analysis

Plaintiff seeks reconsideration of the Court's dismissal of her claims against Defendants Caruso, Heyns, Warren, Vallie, Williams, Perry, Taylor, Kamin, Margolic, Godrey, Kangas, LaFramboise, Wright, and Freiss. As an initial matter, to the extent Plaintiff is attempting to cure a defect in her initial pleadings with the inclusion of the grievances and kites attached to her motion, the Court will consider the documents as filed and as part of her Complaint. *See Brown v. Matauszak*, 415 F. App'x 608, 2011 WL 285251 (6th Cir. 2011) (finding that the district court abused its discretion in not granting an amendment where the prisoner clearly submitted documentation indicating that information did exist that would cure the defect in the prisoner's complaint); *but see McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (applying 28 U.S.C. §§ 1915(e)(2) and 1915(A)); *see also Clayton v. U.S. Dep't of Justice*, 136 F. App'x 840, 842 (6th Cir. 2005) (same).

Even considering these documents, however, along with the allegations in Plaintiff's motion for reconsideration, the Court finds that she merely presents issues already ruled upon by the Court. She fails to demonstrate a clear error of law in the

2:12-cv-13775-LJM-DRG   Doc # 26   Filed 04/05/13   Pg 6 of 8   Pg ID 538

Court's decision, or to present new evidence, a change in the controlling law, or manifest injustice. Simply stated, Plaintiff fails to allege facts showing active, unconstitutional conduct by the defendants previously dismissed. Nothing in her motion justifies relief.

Plaintiff alleges that Defendants Vallie, Kamin, Margolic, and Godfrey failed to comply with Michigan Department of Corrections' policies and failed to interview and discipline Officer Ratliff. (ECF No. 1 ¶¶ 40-45; ECF No. 9 ¶¶ 22-25.) Thus, she claims they condoned and acquiesced to her misconduct. *Id.* Likewise, Plaintiff alleges that she reported the incidents involving Officer Ratliff to Defendants Williams, Taylor, and Perry, and that they also failed to take action, thus condoning and acquiescing to Officer Ratliff's misconduct. (ECF No. 1 ¶ 66; ECF No. 9 ¶ 25.) Plaintiff alleges that Defendant Caruso was responsible as a supervisor over the other defendants and was responsible for the violations of any policies. (ECF No. 1 ¶¶ 49, 66, 100-07; ECF No. 9 ¶¶ 26-31.) Additionally, Plaintiff alleges that Defendants Warren, Wright, LaFramboise, Heyns, and Freiss failed to investigate her allegation that she did not receive proper medical care and that they were deliberately indifferent to her medical needs. (ECF No. 1 ¶¶ 66, 89, 93-94, 106-07, 114-25, 145-47, 164-65, 172, 177; ECF No. 9 ¶¶ 32-52.)

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (citations omitted). A claimed constitutional violation must be based upon active unconstitutional behavior.

6

*Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  The acts of one's subordinates are not enough to impose liability on a government official, nor can supervisory liability be based upon the mere failure to act.  *Id.* at 575.  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.

Against that backdrop, the Court again finds that Plaintiff has not alleged sufficient facts indicating that any of the previously dismissed defendants were directly involved in any of the alleged constitutional violations, encouraged any of Officer Ratliff's behavior, or were deliberately indifferent to Plaintiff's safety or medical needs.  *See Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982) (liability of supervisory personnel must be based on more than merely the right to control employees).  The failure of these Defendants to supervise, control, or train Officer Ratliff is not actionable absent a showing that they either encouraged the specific misconduct or in some other way directly participated in it.  Plaintiff does not allege specific allegations against these Defendants other than they failed to take corrective action.  Minus unconstitutional behavior, Plaintiff fails to state a claim against them.  For these reasons, the Court did not err in dismissing them from the action.

Accordingly,

7

**IT IS ORDERED**, that Plaintiff's motion for reconsideration is **DENIED**.

Dated: April 5, 2013

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE


Copy to:

Tracy J. August, #714643
Huron Valley Women's Correctional Facility
3201 Bemis Road
Ypsilanti, MI 48197