UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY AUGUST,

                      Plaintiff,                Civil Action No. 12-13775
                                                               Honorable Patrick J. Duggan
v.                                                Magistrate Judge David R. Grand

PATRICIA CARUSO, *et al.*,

                      Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT
AGAINST "RN TUCKER" FOR FAILURE TO TIMELY EFFECUTATE SERVICE**

**I.    PROCEDURAL HISTORY**

This is a prisoner civil rights action filed on August 27, 2012. (Doc. #1). On April 1, 2013, this case was referred to the undersigned for all pretrial purposes. (Doc. #25).

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving on him or her a summons and copy of the complaint. *See* Fed. R. Civ. P. 4. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the District Court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint. Fed. R. Civ. P. 4(c)(3).

On January 30, 2013, the United States Marshal attempted service by U.S. mail of Plaintiff's Complaint upon Defendant "RN Tucker," based upon the assertion in Plaintiff's complaint that Tucker was an employee of the Michigan Department of Corrections ("MDOC"). (Doc. #1 at ¶27). However, on February 15, 2013, a waiver of service for Defendant Tucker was returned unexecuted because she was "[n]ot an MDOC employee." (2/15/13 Text-Only Waiver

of Service).

On March 19, 2013, the District Court entered an Order re-directing service of Plaintiff's Complaint on Defendant Tucker. (Doc. #14). The docket reflects that on March 20, 2013, the U.S. Marshal attempted service on Defendant Tucker at a "new address." However, on March 28, 2013, a waiver of service for Defendant Tucker was again returned unexecuted because she was "not an employee" and there was "no forwarding address." (3/18/13 Text-Only Waiver of Service).

On May 8, 2013, this Court entered an Order to Show Cause, indicating that it apparently still did not have a valid address for Defendant Tucker and, as a result, was unable to serve this defendant. (Doc. #32). In response, Plaintiff indicated her belief that Defendant Tucker was an employee of Prison Health Services ("PHS"), not the MDOC, and should have been served at that entity's business address. (Doc. #35 at ¶1). Plaintiff further indicated that she was unable to determine whether service had been attempted on Defendant Tucker at PHS' business address and specifically requested that the Court attempt such service. (*Id.* at ¶¶2-3).

A review of the docket indicates, however, that the U.S. Marshal did, in fact, attempt to serve Defendant Tucker at PHS's business address. (5/20/13 Text-Only Waiver of Service). The Marshal's efforts apparently were not successful because "RN Tucker is not an employee" of PHS. (*Id.*).

On May 22, 2013, the Court issued another Order to Show Cause, noting that it still did not have a correct address for Defendant Tucker and, as a result, was unable to effectuate service upon that defendant. (Doc. #38). Plaintiff was cautioned that the onus remained on her to discover and submit sufficient information for service on each defendant. (*Id.* at 2). The Court ordered Plaintiff, by June 7, 2013, to provide a correct address where Defendant Tucker could be

served or to show cause why this action should not be dismissed, without prejudice, as against that defendant. (*Id.* at 2-3). A review of the docket indicates that Plaintiff has neither provided a correct address for Defendant Tucker nor responded in writing to the Order to Show Cause.

## II.     ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 120 days of filing the complaint, the court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is a plaintiff's burden to establish good cause for failing to timely effectuate service. *See Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties "have taken no action for a reasonable time," the Court may enter an order dismissing the case for lack of prosecution.

Plaintiff has failed to provide the Court with a correct address where Defendant Tucker can be served, or to otherwise respond to the Court's May 22, 2013 Order to Show Cause. Therefore, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2, the Court recommends that Plaintiff's complaint against Defendant Tucker be dismissed without prejudice. *See Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd*, 94 F.3d at 219).

## III.    RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's complaint against Defendant Tucker be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2.

Dated: July 23, 2013                                             s/David R. Grand
Ann Arbor, Michigan                                            DAVID R. GRAND
                                                                              United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2013.

                                                      s/Felicia M. Moses
                                                      FELICIA M. MOSES
                                                      Case Manager