UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY J. AUGUST,

    Plaintiff,

v.                                                                          Civil Action No. 2:12-cv-13775
                                                             Honorable Patrick J. Duggan

PATRICIA CARUSO, DANIEL HEYNS,
MILLICENT WARREN, MS. VALLIE,
MS. L. WILLIAMS, MS. PERRY, MS.
TAYLOR, SERGEANT KAMIN, SERGEANT
MARGOLIC, SERGEANT GODFREY,
OFFICER RATLIFF, DR. TIMOTHY KANGAS,
DANIEL LA FRAMBOISE, MS. WRIGHT,
MS. FREISS, TAMIKA WOODS, DR. LACY,
DR. SZYMANSKI, DR. QIN, DR. ONUIGBO,
LANA MCCARTHY, RN HAMMOND, and
RN TUCKER,

    Defendants.
_____/

## OPINION AND ORDER ADOPTING SEPTEMBER 9, 2013 REPORT & RECOMMENDATION AND GRANTING THE MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    This is a *pro se* civil rights action filed under 42 U.S.C. § 1983 by Michigan prisoner Tracy J. August ("Plaintiff"). In her Complaint, filed on August 27, 2012, Plaintiff alleges that the above-named Defendants failed to provide her with proper medical care for her left shoulder which she allegedly injured while assisting Defendant Felicia Ratliff ("Officer Ratliff") with another prisoner who was having an apparent seizure. Plaintiff also alleges that Officer Ratliff removed her from her

porter job in retaliation for Plaintiff filing grievances related to the incident. On March 29, 2013, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 was filed by four defendants: Officer Ratliff, Tamika Woods Hawkins, Lana McCarthy, and Katherine Hammons (collectively "MDOC Defendants"). (ECF No. 24.) This lawsuit has been referred to Magistrate Judge David R. Grand for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 25.)

## Magistrate Judge Grand's Report and Recommendation

On September 19, 2013, Magistrate Judge Grand issued his Report and Recommendation ("R&R") in which he recommends that the MDOC Defendants' motion be granted. (ECF No. 45.) Magistrate Judge Grand first concludes that Plaintiff failed to exhaust MDOC's grievance procedures for all but the following claims:

- Against Defendant Woods (now Hawkins) for failing to treat her left shoulder pain, specifically for failing to ensure that x-rays were taken of the shoulder.

- Against Hammons and McCarthy for failing to renew medication prescribed for her left shoulder pain.

- Against Hammons for failing to provide adequate medical care for her left shoulder injury.

(*Id*. at 15.) Even if Plaintiff properly exhausted her claims, Magistrate Judge

2

Grand recommends that the Court find her Eighth Amendment claim for deliberate indifference to be meritless. (*Id.* at 18-21.) He also notes that Plaintiff's First Amendment retaliation claim against Officer Ratliff fails because Plaintiff cannot show that she suffered an adverse action in response to the filing of her grievances, as she was reinstated with back pay to her porter position. (*Id.* at 9 n.4.)

Finally, Magistrate Judge Grand concludes that the MDOC Defendants are entitled to qualified immunity. (*Id.* at 22.)

At the conclusion of his R&R, Magistrate Judge Grand informs the parties that they must file any objections to the R&R within fourteen days. (*Id.* at 22-23.) Plaintiff's objections, signed and dated October 4, 2013, were filed with the Court on October 8, 2013. (ECF No. 49.)

**Standard of Review**

When objections are filed to a magistrate judge's R&R on a dispositive matter, a district judge "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The judge, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those

issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

## Plaintiff's Objections and Analysis

In her objections, Plaintiff spends considerable time disputing Magistrate Judge Grand's findings relevant to whether she properly exhausted MDOC's grievance procedures with respect to the claims alleged in her lawsuit. She next challenges the magistrate judge's finding that there is no merit to her Eighth Amendment claim against the MDOC Defendants and her First Amendment claim against Officer Ratliff.

As an initial matter, as will be discussed further below, the Court agrees with Magistrate Judge Grand that Plaintiff's Eighth Amendment deliberate indifference claim fails on its merits. The Court therefore finds it unnecessary to determine whether her objections show that she in fact exhausted those claims. The Court will address Plaintiff's objections to the extent they are relevant to whether she exhausted her retaliation claim against Officer Ratliff, however. As indicated, Magistrate Judge Grand concluded that Plaintiff could not show that she suffered an adverse action to support her claim because, in response to her initial grievance,

she was reinstated with back pay to her porter position. Yet Plaintiff states in her objections that Officer Ratliff refused to reinstate her and that she only received partial back pay. (ECF No. 49 at 10.)

Nevertheless, when Plaintiff did not receive the relief granted, she neither attempted to pursue the initial grievance nor filed a new grievance. Plaintiff states in her objections that she again grieved Officer Ratliff when Officer Ratliff refused to reinstate her. (*Id.*) Yet the grievance Plaintiff refers to only mentions Officer Ratliff's "refus[al] to open her door for breakfast." (*See* ECF No. 9 at 49.) As such, Plaintiff has not exhausted her retaliation claim against Officer Ratliff.

With respect to Plaintiff's Eighth Amendment claim, this Court agrees with Magistrate Judge Grand that under the governing standards, the MDOC Defendants were not deliberately indifferent to her shoulder injury. Plaintiff was seen by health care professionals within three days of allegedly being injured and continued to be treated over the next three years. In her objections, Plaintiff takes issue with "unprofessional" comments by Hammons; but rude treatment does not make out an Eighth Amendment claim. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (concluding that verbal abuse or harassment do not constitute "cruel and unusual punishment); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (verbal harassment is not actionable under the Eighth Amendment); *Wood v. Housewright*,

900 F.2d 1332, 1334 (9th Cir. 1990) ("Rude treatment or mere indifference . . . are not cognizable under the Eighth Amendment.") Plaintiff received some medical attention and, when she did not, it was often the result of her refusal to be seen by the nurse. The MDOC Defendants establish that a nurse must assess a patient prior to making a determination that a referral to a doctor is warranted. (ECF No. 24 Ex. 4 ¶ 4.)

The Court therefore adopts Magistrate Judge Grand's finding that Plaintiff's Eighth Amendment claim fails on the merits.

## Conclusion

For the above reasons, the Court's rejects Plaintiff's objections to Magistrate Judge Grand's September 19, 2013 R&R and adopts the R&R.

Accordingly,

**IT IS ORDERED**, that the motion for summary judgment filed by the MDOC Defendants (Felicia Ratliff, Tamika Woods Hawkins, Lana McCarthy, and Katherine Hammons) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's claims against these defendants are **DISMISSED WITH PREJUDICE** and these defendants are dismissed as parties to this lawsuit.[1]

---

[1]Several defendants already have been dismissed pursuant to this Court's summary dismissal order on January 8, 2013. (ECF No. 6.) Remaining after the

Dated: December 24, 2013           sPATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copy to:
Tracy J. August, #714643
Huron Valley Women's Correctional Facility
3201 Bemis Road
Ypsilanti, MI 48197

AAG Kevin R. Himebaugh
Kimberley A. Koester , Esq.
Ronald W. Chapman, Esq.
Magistrate Judge David R. Grand

---

MDOC defendants are dismissed are Drs. Lacey, Szymanski, Qin, and Onuigbo.